# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSEPH LOMBARDO**
        Petitioner,

    v.                                        **Case No. 05-C-0517**
                                                  **(Criminal Case No. 00-CR-199)**

**UNITED STATES OF AMERICA**
        Respondent.

---

## ORDER

Petitioner Joseph Lombardo brings this 28 U.S.C. § 2255 action to vacate his sentence. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must preliminarily examine the motion.

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer . . . .

Rule 4(b), Rules Governing § 2255 Proceedings.

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

## I. BACKGROUND

Petitioner pled guilty to ten counts of armed bank robbery, 18 U.S.C. § 2113(d), and two counts of use of a firearm during a crime of violence, 18 U.S.C. § 924(c), and on April 16, 2001, I sentenced him to a total of 360 months in prison. This sentence represented a downward departure from the low end of the guideline range (505 months) based on petitioner's substantial assistance. Petitioner appealed, and while his appeal was pending filed a pro se motion under § 2255. Because district courts generally should not consider such motions while a direct appeal is pending, I dismissed the motion without prejudice.[1] (Case No. 00-CR-199, Docket # 42.) Petitioner's direct appeal was dismissed on November 21, 2001 after appellate counsel filed a no merit report. (Id. # 52.)

On February 12, 2004, the government filed a motion to reduce petitioner's sentence pursuant to Fed. R. Crim. P. 35, and on May 17, 2004, I held a hearing on the motion, reducing defendant's sentence to 240 months. (Id. # 61, 62.) Petitioner subsequently filed pro se motions to further reduce his sentence and eliminate his financial obligations, which I dismissed for lack of jurisdiction.[2] (Id. # 69, 73.)

In the instant motion, filed by counsel, petitioner argues that his sentence should be reduced in light of United States v. Booker, 125 S. Ct. 738 (2005). He also contends that his sentencing under mandatory guidelines violated his rights to due process and equal protection. He acknowledges that in McReynolds v. United States, 397 F.3d 479, 481 (7th

---

[1] Because I dismissed the motion as premature and without prejudice, the instant motion does not constitute a second or successive collateral attack. See Garrett v. United States, 178 F.3d 940 (7th Cir. 1998).

[2] I did not "convert" the motions to § 2255 motions or advise petitioner that they would be considered under that statute.

2

Cir. 2005), cert. denied, 2005 U.S. LEXIS 4609 (U.S. June 6, 2005), the court held that Booker does not apply retroactively to sentences, such as his, that became final prior to January 12, 2005, the date Booker was released. However, he argues that the Supreme Court has not yet resolved the issue, and that McReynolds did not address the due process or equal protection issues he raises. Finally, he contends that his sentence "violates the Eighth Amendment under the Blockburger test because it involves the application of a cruel and unusual punishment through the multiple conviction aspect of 18 U.S.C. § 924(c)." (Motion [R.1] at 4.)

## II. DISCUSSION

**A.    Booker Claims**

As petitioner concedes, the Seventh Circuit has held that Booker does not apply retroactively, McReynolds, 397 F.3d at 481, as has every other circuit that has considered the issue, Lloyd v. United States, No. 04-3549, 2005 U.S. App. LEXIS 8699, at *14 (3rd Cir. May 17, 2005) (collecting cases); Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) (collecting cases). It is true that the Supreme Court has not yet addressed the issue, but unless and until it does I am bound by the Seventh Circuit's decision.

Petitioner offers no persuasive argument as to why the result should be any different because he has cast his argument under the due process and equal protection clauses. Indeed, courts have rejected such arguments. See In re Olopade, 403 F.3d 159, 163 n.4 (3d Cir. 2005) ("Olopade suggests that applying Booker to cases that were pending on direct appeal as of January 12, 2005 but not to those cases that were on collateral review as of that date would deny prisoners seeking collateral review the equal protection of the

3

law. There is, however, an important distinction between cases on direct appeal and those on collateral review. Simply put, because prisoners seeking collateral review are not similarly situated to prisoners whose cases are on direct appeal, it is constitutionally permissible to apply different rules to the two different categories of prisoners.") (internal citation omitted); United States v. Wenzel, 359 F. Supp. 2d 403, 418 (W.D. Pa. 2005)(finding that Booker does not constitute a component of basic due process); Rucker v. United States, Case No. 2:04-CV-00914, 2005 U.S. Dist. LEXIS 2004, at *33 (D. Utah Feb. 10, 2005) (same). Therefore, petitioner's claims for relief based on Booker, due process and equal protection must be denied.

**B.    Eighth Amendment Claim**

Petitioner's final claim is confusing. It is unclear whether he contends that the § 924(c) counts were violative of double jeopardy, i.e. multiplicitous, contrary to the Fifth Amendment, or whether he contends that the sentences under those counts were cruel and unusual, contrary to the Eighth Amendment. In either case, the claim fails.

First, there is no double jeopardy violation when a defendant is convicted of armed bank robbery under § 2113(d) and use of a firearm in the commission of the robbery under § 924(c). United States v. Larkin, 978 F.2d 964, 972 (7th Cir. 1992). Second, imposition of harsh consecutive sentences under § 924(c) does not amount to cruel and unusual punishment. United States v. Arrington, 159 F.3d 1069, 1073 (7th Cir. 1998).

Therefore, this claim must also be denied.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of June, 2005.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge