# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH LOMBARDO
        Petitioner,

v.                                                             Case No. 05-C-0517
                                                                 (Criminal Case No. 00-CR-199)

UNITED STATES OF AMERICA
        Respondent.

## ORDER

Petitioner Joseph Lombardo has filed a notice of appeal of my order denying his § 2255 motion. A § 2255 petitioner cannot take an appeal unless the district court or a circuit judge or justice issues a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). Although petitioner has not formally requested that I issue a COA, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue.

The COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong." Id. When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Petitioner brought two claims in his motion: (1) that his sentence should be reduced in light of United States v. Booker, 125 S. Ct. 738 (2005); and (2) that his sentence violated the Eighth Amendment and/or the Double Jeopardy Clause. I cannot issue a COA on either claim.

I denied the first claim because the Seventh Circuit has held that Booker does not apply retroactively. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005). Petitioner argued that McReynolds was distinguishable because his claim was based on the Due Process and Equal Protection Clauses. However, he cited no authority in support of his position, and courts have rejected similar arguments. See, e.g., In re Olopade, 403 F.3d 159, 163 n.4 (3d Cir. 2005) (holding that applying Booker to cases that were pending on direct appeal but not to cases on collateral review did not violate equal protection); United States v. Wenzel, 359 F. Supp. 2d 403, 418 (W.D. Pa. 2005) (finding that Booker does not constitute a component of basic due process). Jurists of reason would not find this conclusion debatable or wrong. Indeed, since my decision the courts of appeals have continued to reject retroactive application of Blakely/Booker. E.g., Schardt v. Payne, No. 02-36164, 2005 U.S. App. LEXIS 13569, at *31-35 (9th Cir. July 8, 2005) (rejecting due process argument based on Blakely); Never

2

Misses a Shot v. United States, No. 05-1233, 2005 U.S. App. LEXIS 13451, at *6-7 (8th Cir. July 7, 2005) ("Similarly, as all circuit courts considering the issue to date have held, we conclude the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."); United States v. Bellamy, 411 F.3d 1182, 1186-89 (10th Cir. 2005) (declining to issue a COA because "like Blakely, Booker does not apply retroactively on collateral review"). Therefore, no COA may issue on this claim.

Petitioner's second claim was somewhat unclear. He either claimed that the § 924(c) counts were multiplicitous or that the sentences under those counts were cruel and unusual. However, under Seventh Circuit precedent, his claim failed under both the Fifth and Eighth Amendments. As noted in my order, there is no double jeopardy violation when a defendant is convicted of armed bank robbery under § 2113(d) and use of a firearm in the commission of the robbery under § 924(c). United States v. Larkin, 978 F.2d 964, 972 (7th Cir. 1992). Nor does the imposition of a long consecutive sentence under § 924(c) amount to cruel and unusual punishment. United States v. Arrington, 159 F.3d 1069, 1073 (7th Cir. 1998). Petitioner cited no authority to the contrary. Reasonable jurists would not dispute my conclusion, so no COA may issue on this claim.

**THEREFORE, IT IS ORDERED** that petitioner's implied request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2005.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

3